1 | BARRY J. PORTMAN
Federal Public Defender
2 | ELIZABETH M. FALK
Assistant Federal Public Defender
3 | 450 Golden Gate Avenue
San Francisco, CA  94102
4 | Telephone: (415) 436-7700

5 | Counsel for Defendant GUTIERREZ

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | No. CR **07-0334 CRB** |
|---|---|---|
| Plaintiff, | ) | |
| | ) | **DEFENDANT GUTIERREZ'** |
| v. | ) | **MOTION AND MEMORANDUM OF** |
| | ) | **POINTS AND AUTHORITIES IN** |
| JOSE JESUS GUTIERREZ, | ) | **SUPPORT OF MOTION TO** |
| | ) | **DISMISS INDICTMENT ON** |
| Defendant. | ) | **GROUNDS THAT PRIOR** |
| | ) | **DEPORTATION CANNOT SERVE** |
| | ) | **AS PREDICATE FOR ILLEGAL** |
| | ) | **REENTRY PROSECUTION** |
| | ) | |
| | ) | Date:  August 28, 2007 |
| | ) | Time:  2:30 p.m. |
| | ) | Court: Hon. Charles R. Breyer |

TO: UNITED STATES OF AMERICA, PLAINTIFF; AND SCOTT R. SCHOOLS, UNITED STATES ATTORNEY; AND WENDY THOMAS, ASSISTANT UNITED STATES ATTORNEY:

PLEASE TAKE NOTICE that on August 28, 2007, at 2:30 p.m., before the Honorable Charles R. Breyer, defendant Jose Jesus Gutierrez (hereinafter "Mr. Gutierrez") will move this Court to dismiss the indictment on grounds that the prior deportation order was entered after constitutionally defective deportation proceedings and therefore cannot serve as a predicate for a prosecution under 8 U.S.C. § 1326.

*UNITED STATES V. GUTIERREZ*, 07-334 CRB;  MOTION        - 1 -
TO DISMISS INDICTMENT

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Defendant Jose Jesus Gutierrez is charged in a one count indictment with violation of 8 U.S.C. § 1326, illegal reentry after deportation. The indictment against Mr. Gutierrez should be dismissed on the grounds that his deportation in 1997, as a matter of law, cannot constitute the prior lawful deportation order necessary for the government to establish the deportation element of a violation of 8 U.S.C. § 1326. At the time of the deportation proceedings, Immigration Judge Beverly McPhillips (hereinafter, "IJ") failed to advise Mr. Gutierrez of any rights that he had during the deportation hearing, including right to counsel at his expense, right to petition for relief, right to appeal, and/or right to be heard. Nor did the IJ advise Mr. Gutierrez of possible avenues of relief from deportation, including the possibility of voluntary departure and/or cancellation of removal. Through this error, the IJ denied Mr. Gutierrez due process of law, resulting in the defendant's unconstitutional deportation. Mr. Gutierrez suffered prejudice because he was in fact eligible for relief from deportation and was nonetheless ordered removed from the United States. Under these circumstances, the underlying deportation order cannot serve as a predicate for the prosecution for illegal reentry and the indictment must be dismissed.

## FACTUAL BACKGROUND

On May 14, 1981, Mr. Gutierrez' mother signed papers on his behalf petitioning for his entry to the United States as a legal permanent resident. *See* Declaration of Elizabeth M. Falk ("Falk Declaration"), Exhibit A, Application for Legal Permanent Residency at BATES 0239, filed herewith. At that time, Mr. Gutierrez was a minor. Mr. Gutierrez was granted legal permanent resident status on July 28, 1981 when he arrived here by automobile, and obtained an I-551 card lawfully. *See* Application for Immigrant Visa and Alien Registration paperwork ("Alien Registration"), *id.* at BATES 0234; *see also* 1-551 Card, *id.* at BATES 228-229. After admission, Mr. Gutierrez lived with his mother in San Pedro, California. *Id.* at BATES 234. The most recent records of Mr. Gutierrez' legal permanent resident status indicates an expiration date of May 18,

1  2005; long after Mr. Gutierrez' March 24, 1997 deportation.

2      On May 9, 1996, Mr. Gutierrez was convicted of California Penal Code 484 - Petty Theft,
3  Misdemeanor, for which he received a sentence of 24 months of probation and 90 days in jail.  *See*
4  Falk Declaration at Exhibit D; INS Summary of Criminal History and Deportations (filed herewith);
5  *see also* Falk Declaration at Exhibit F; San Mateo County Record of Conviction (filed herewith).

6      Mr. Gutierrez was taken into INS custody at some point after serving his sentence for the 1996
7  theft case. On March 24, 1997, deportation proceedings were held against Mr. Gutierrez in
8  Calexico, California. *See* Order of Deportation signed March 24, 1997; *see also* Falk Declaration,
9  Exhibit D. During the proceedings, Mr. Gutierrez was not represented by counsel at these
10 proceedings. *See* Falk Declaration, Exhibit B, Attestation of Validity of Audio Deportation Record;
11 *see also* Declaration of Amy Lucas ("Lucas Declaration") at Exhibit A, Transcript of March 24, 2007
12 Deportation Hearing (filed herewith); *see also* Lucas Declaration, Exhibit B (audio tape of
13 deportation hearing).

14     The deportation "hearing" conducted on behalf of Mr. Gutierrez is nothing short of abysmal.
15 Mr. Gutierrez does not speak on the record, and he is not spoken to personally by any immigration
16 official. *See* Lucas Declaration, Exhibit A (Transcript) and Exhibit B (audio tape). No immigration
17 official informs Mr. Gutierrez that he has the right to counsel, the right to appeal, the right to petition
18 for a pardon, or any rights whatsoever. *Id.* The fact that Mr. Gutierrez held a valid green card was
19 not discussed or acknowledged by the IJ. Rather than explaining the rights Mr. Gutierrez had or any
20 avenues of relief that he could apply for, including possible cancellation of removal and/or voluntary
21 departure, the immigration official conducting the hearing simply ordered the deportation of multiple
22 people *en masse*, including Mr. Gutierrez. *Id.* Mr. Gutierrez removed from the United States as a
23 result of this "hearing", despite the fact that he was a lawful green card holder, without any legal
24 process or explanation of his rights.

25 //

26 //

*UNITED STATES V. GUTIERREZ*, 07-334 CRB;  MOTION    - 3 -
TO DISMISS INDICTMENT

**ARGUMENT**

**I. THE MARCH 24, 1997 DEPORTATION PROCEEDING VIOLATED DUE PROCESS AND CANNOT SUPPORT A CONVICTION UNDER 8 U.S.C. § 1326**

A prior deportation order cannot serve as a predicate for a subsequent prosecution under 8 U.S.C. § 1326 when the deportation proceedings giving rise to the order were fundamentally flawed. *See United States v. Mendoza-Lopez*, 481 U.S. 828, 837 (1987); 8 U.S.C. § 1326(d). If a defendant succeeds in a collateral attack on the predicate deportation order, the indictment against him must be dismissed. *See United States v. Andrade-Partida*, 110 F.Supp.2d 1260, 1272 (N.D.Cal. 2000). To prevail in a collateral attack on a prior deportation on grounds that the deportation proceedings were fundamentally flawed, the defendant must show that (1) he exhausted administrative remedies that were available to him; (2) the deportation proceedings at which the order was issued denied the opportunity for judicial review; (3) the entry of the order was fundamentally unfair. *See United States v. Pallares-Galan,* 359 F.3d 1088, 12 (9th Cir. 2004)(citing 8 U.S.C. § 1326(d)). "An underlying removal order is 'fundamentally unfair' if (1) an alien's 'due process rights were violated by defects in the underlying deportation proceeding' and (2) 'he suffered prejudice as a result of the defects.'" *Id.* (citing *United States v. Garcia-Martinez*, 228 F.3d 956, 960 (9th Cir. 2000)). Here, Mr. Gutierrez' collateral challenge to his 1997 deportation order meets each of these three prongs.

**A. As Mr. Gutierrez Was Not Advised of His Right to Appeal, His Right to Counsel, His Right to Apply for Cancellation of Removal or His Right to Petition for Voluntary Departure, Mr. Gutierrez Is Deemed to Have Exhausted his Administrative Remedies**

Although 8 U.S.C. § 1326(d)(1) requires that an alien exhaust all administrative remedies before a collateral attack will succeed, the exhaustion requirement "cannot bar collateral review of a deportation proceeding when the waiver of right to an administrative appeal did not comport with due process." *United States v. Ubaldo-Figueroa*, 347 F.3d 718, 725 (9th Cir. 2003)(citing *United States v. Muro-Inclan*, 249 F.3d 1180, 1183-84 (9th Cir. 2001)). The Due Process Clause requires that an alien's waiver of his right to appeal a deportation order be "considered and intelligent." *See*

1  *id; see also Mendoza-Lopez*, 481 U.S. at 839.

2      An alien who is not advised of his rights is not subject to the exhaustion of administrative
3  remedies requirement of 8 U.S.C. § 1326(d). *See Ubaldo*-Figueroa, 347 F.3d at 726; *Pallares*, 359
4  F.3d at14-15 ("Where 'the record contains an inference that the petitioner is eligible for relief from
5  deportation,' but the IJ fails to 'advise an alien of this possibility and give him an opportunity to
6  develop the issue,' we do not consider an alien's waiver of his right to appeal his deportation order to
7  be 'considered and intelligent.'") *Id.* (citing *Muro-Inclan*, 249 F.3d at 1182)(remaining citations
8  omitted.)

9      Here, the deportation tape is utterly unclear as to whether or not Mr. Gutierrez was even
10  advised of his right to appeal. He was certainly not so advised on the record we have. Assuming,
11  *arguendo*, that the clipped declaration by the speaking immigration agent on the tape indicating that
12  none of the *en masse* deportees wished to appeal "counts" as an advisement that Mr. Gutierrez had a
13  right to appeal, Mr. Gutierrez' so-called "waiver" by silence was not considered and intelligent, and
14  thus is not deemed voluntary under Ninth Circuit law. *See United States v. Leon-Paz*, 340 F.3d
15  1003, 1007 (9th Cir. 2003)( waiver of appellate rights was not "considered and intelligent" because
16  the IJ failed to advise alien of right to seek relief under Section 212(c)). "The requirement that the IJ
17  inform an alien of his or her ability to apply for relief from removal is 'mandatory' and 'failure' to so
18  inform the alien [of his eligibility for relief from removal] is a denial of due process that invalidates
19  the underlying deportation proceeding." *Ubaldo-Figueroa*, 347 F.3d at 726 (citing *Muro-Inclan*, 249
20  F.3d at 1183.) The Immigration Judge's failure to advise Mr. Gutierrez of his rights during the
21  hearing or his possible relief through voluntary departure or cancellation of removal resulted in an
22  invalid waiver of his right to appeal. Mr. Gutierrez thus meets the exhaustion requirement prong set
23  forth in section 1326(d)(1).

24  //
25  //
26  //

B.  **The Immigration Judge's Failure to Advise Mr. Gutierrez of Possible Avenues for Relief Amounted to a Fundamental Due Process Error that Deprived Mr. Gutierrez an Opportunity for Judicial Review.**

   1. **As a Green Card Holder with No Felony Convictions, Mr. Gutierrez Was Eligible for Cancellation of Removal, Yet He Was Not Advised of this Fact By the IJ When he Was Deported.**

At the time of his March 24, 1997 deportation hearing, Mr. Gutierrez was a green card holder, and thus was legally eligible for relief from deportation under 8 U.S.C. § 1229(b), commonly referred to as "cancellation of removal." The requirements under this section are as follows: (1) the alien facing deportation must have been lawfully admitted for permanent residence for not less than five years; (2) the alien must have resided in the United States continuously for 7 years after having been admitted for status, and (3) the alien must not have been convicted of any aggravated felony. *See* 8 U.S.C. § 1229(b). At the time of his March 24, 1997 deportation hearing, Mr. Gutierrez met each and every requirement. He had been admitted for residence in July, 1981, and had lived here continuously since 1983. Nor had Mr. Gutierrez been convicted of any felony, much less an aggravated felony, at the time of his 1997 deportation.

The transcript of Mr. Gutierrez' deportation hearing reveals the fact that he was not advised of this possible avenue of relief. *See* Lucas Declaration, Exhibits A and B.

   2. **Regardless of Green Card Status, Mr. Gutierrez Was Eligible for Voluntary Departure, and Was Not Advised of this Fact by the IJ When he Was Deported**

Under 8 U.S.C. § 1229(c), Mr. Gutierrez was eligible for voluntary departure at his March 24, 2007 deportation hearing. This is because Mr. Gutierrez met the statutory requirements for voluntarily departure and was not ineligible for voluntary departure. Those requirements are: (1) physical presence in the United States for at least one year prior to departure, (2) good moral character for at least 5 years prior to departure, (3) the means to depart the United States, and (4) lack of prior voluntary departure. *See* 8 U.S.C. § 1229(c). Notably, the IJ in this case made no inquiry whatsoever regarding Mr. Gutierrez' eligibility or desire to voluntarily depart the United States. The IJ did not even mention the possibility of voluntary departure on the record.

### 3. Failure to Advise Mr. Gutierrez of His Avenues of Relief Deprived Him of Meaningful Judicial Review

The IJ's fundamental failure to even discuss possible avenues of relief for Mr. Gutierrez deprived him of the opportunity for judicial review. *See Andrade-Partida*, 110 F. Supp at 1271 (finding that the IJ's failure to advise of section 212(c) relief deprived the alien of judicial review). Shockingly, the IJ did not even *consider* Mr. Gutierrez' heightened rights as a resident alien of the United States at the time he was deported. As such, Mr. Gutierrez did not receive full and fair consideration from the Immigration court, and was deprived meaningful judicial review.

An immigration judge is obligated to advise an alien regarding apparent avenues for relief from deportation. *See, e.g., Duran v. INS*, 756 F.2d 1338, 1341-42 (9th Cir.1985) (citing 8 C.F.R. § 242.17(a) (1984)). When the IJ fails to so advise, the Ninth Circuit has held numerous time that aliens were deprived a meaningful opportunity for judicial review. *See, e.g, Pallares-Galan*, 359 F.3d at 22 ("For the same reasons [as those stated to find that Pallares' waiver of appeal was procedurally defective] we hold that Pallares was deprived of a meaningful opportunity for judicial review."); *see also United States v. Ubaldo-Figueroa*, 347 F.3d 718, 726 (9th Cir. 2003)(holding same.) The complete and utter failure of the IJ in this case to say one word to Mr. Gutierrez regarding his rights violates due process. Such a failure of an IJ to advise an alien of his right to appeal, right to counsel, and eligibility for waiver from deportation violates the alien's due process rights and "amounts to a complete deprivation of judicial review of the determination." *Mendoza-Lopez*, 481 U.S.at 840. Mr. Gutierrez thus meets the second prong in this collateral attack on his deportation proceeding.

### C. The Entry of Mr. Gutierrez' Deportation Order was Fundamentally Unfair

Mr. Gutierrez also successfully meets the third prong of his collateral attack by proving that the entry of the deportation order against him was "fundamentally unfair." In doing so, Mr. Gutierrez makes the requisite showing that (1) his due process rights were violated by defects in the underlying

deportation proceeding; (2) he suffered prejudice as a result of the defects.

### 1. Mr. Gutierrez' Due Process Rights were Violated by the Defects in the Underlying Deportation Proceeding Previously Described

During a deportation hearing, the requirement that an IJ inform an alien of any apparent eligibility for relief is "mandatory." *See United States v. Arrieta*, 224 F.3d 1076, 1079 (9th Cir. 2000)(quoting *United States v. Arce-Hernandez*, 163 F.3d 559, 565 (9th Cir. 1998)). Failure of the IJ to so advise conclusively establishes a violation of due process in a collateral attack in a case brought under 8 U.S.C. § 1326. *Arrieta,* 224 F.3d at 1079. The failure of an IJ to advise an alien of his right to appeal and eligibility for waiver from deportation violates the alien's due process rights and "amounts to a complete deprivation of judicial review of the determination." *Mendoza-Lopez*, 481 U.S. at 840.

Here, Mr. Gutierrez was not advised of any rights, remedies, or avenues of relief whatsoever. As such, Mr. Gutierrez easily meets the first part of the third prong of a valid collateral attack.

### 2. Mr. Gutierrez was Prejudiced by the Due Process Violations in the Underlying Deportation Proceedings.

In order to establish that he was prejudiced by the defect in the deportation proceedings, Mr. Gutierrez "does not have to show that he actually would have been granted relief. Instead, he must only show that he had a 'plausible' ground for relief from deportation." *Arrieta*, 224 F.3d at 1079 (citing *Arce-Hernandez*, 163 F.3d at 563). Although the Ninth Circuit has not defined the term, "this standard would seem to encompass borderline cases, perhaps even where the equities are in equipoise. Stated differently, it seems fair to interpret this standard as granting defendants in illegal entry cases the benefit of the doubt, even if they have a borderline claim of prejudice, as long as they establish that their deportation proceeding was procedurally deficient." Wible, Brent S., *The Strange Afterlife of Section 212(c) Relief: Collateral Attacks on Deportation Orders in Prosecutions* for Illegal Reentry After St. Cyr, 19 GEO. IMMIGR. L.J. 455, 475 (Summer 2005).

Thus, Mr. Gutierrez need not show that, absent the IJ's error, he actually would have been

1  granted relief, or even that there was a reasonable probability that he would have been granted relief.
2  *Muro-Inclan*, 249 F.3d at 1184.  It is sufficient that he show only that he had a *plausible* ground for
3  such relief.
4        Here, Mr. Gutierrez had an extremely minor criminal history encompassing three
5  misdemeanors at the time of his deportation hearing.  *See* Falk Declaration, Exhibit D (summary of
6  criminal record indicating that his only convictions as of March, 1997 were a Traffic Violation, Petty
7  Theft, and Hit and Run – Property Damage).  He had heightened due process protections as a lawful
8  permanent resident of the United States.   The was no statutory bar to his cancellation of removal.
9  Nor was there any statutory bar to voluntary departure.  As such, under the weak "plausibility"
10 standard, Mr. Gutierrez meets the third prong of the statutory requirements for a valid collateral
11 attack.  The indictment against him must be dismissed.

13 **II.  THERE ARE NO ALTERNATE DEPORTATION ORDERS THAT CAN SERVE AS THE PREDICATE ELEMENT FOR MR. GUTIERREZ' PROSECUTION UNDER 8 U.S.C. SECTION 1326.**

15       Mr. Gutierrez' 1997 deportation hearing is his only judicial deportation proceeding of record.
16 His remaining deportation in 2003 was merely the result of the INS' reinstatement of the March 24,
17 1997 order.  *See* Falk Declaration, Exhibit E, Notice to Reinstate Prior Order (filed herewith).  A
18 Reinstatement of Deportation by a district director is not an actionable deportation order in and of
19 itself, but merely reaffirms the findings of predicate deportation proceedings that comport with due
20 process requirements.  *See, e.g. Castro-Cortez v. INS*, 239 F.3d 1037, 1044 (9th Cir. 2001)(stating
21 that a reinstatement of deportation has no effect absent the underlying deportation proceedings and
22 order of deportation promulgated by an actual Immigration Judge.)  As a result of the due process
23 infirmities of the 1997 Deportation Order in this case, the 2003 Reinstatement of the 1997
24 deportation order is similarly invalid, and cannot serve as the predicate deportation required to
25 prosecute Mr. Gutierrez under 8 U.S.C. § 1326.  Absent a valid deportation proceeding that can
26 serve as a necessary element of the offense,  the indictment must be dismissed.

1  //

## CONCLUSION

For the aforementioned reasons, this Court should dismiss the indictment against Mr. Gutierrez on the charge of illegal reentry, in violation of 8 U.S.C. § 1326, based on the Immigration Judge's failure to advise Mr. Gutierrez, a former lawful permanent resident, of any of his rights under law, including his rights to relief from deportation. The utter failure of the Immigration Judge to advise Mr. Guitierrez of his rights renders his prior deportation order, as well as any and all orders reinstating that deportation, legal nullities that cannot serve as a predicate element for an illegal reentry prosecution.

Dated: August 2, 2007

                            Respectfully submitted,

                            BARRY J. PORTMAN
                            Federal Public Defender

                            /S/

                            ELIZABETH M. FALK
                            Assistant Federal Public Defender