# EXHIBIT D



**U.S. Department of Justice**
Immigration and Naturalization Service

SFR 10/2.8C

*San Francisco District Office*
*630 Sansome Street*
*San Francisco, CA 94111*

June 23, 2003

MEMORANDUM FOR: FILE

FROM:   Analisa Nogales
        Special Agent

SUBJECT:   GUTIERREZ-Rodriguez, Jose Jesus / A76 219 430

SUBJECT was served with a Notice of Intent/Decision to Reinstate Prior Order on April 18, 2000. Due to an outstanding arrest warrant, subject was turned over to Contra Costa County, before removal from the United States. An Immigration Detainer was NOT placed on the subject, and subsequently released from the Contra Costa Detention Facility without further action.

SUBJECT was encountered at the Contra Costa Detention Facility on April 7, 2003 by Special Agent Nogales, after his arrest for HS 11378 – Possession Controlled Substance For Sale. Per Contra Costa County, subject was released on all charges, and released to Immigration and Customs Enforcement custody.

Per NCIC, subject has been convicted for the following; 7/6/1994, Traffic Violation, Misdemeanor; 5/9/1996, PC 484 – Petty Theft, Misdemeanor, 24 months probation, 90 days jail; 9/27/1995, VC 20002(A) – Hit and Run: Property Damage, Misdemeanor, 1 year probation, 15 days jail; 7/7/1999, HS 11350 – Possession Narcotics Controlled Substance, Felony, 2 years prison; 7/7/1999, HS 11378 – Possession Controlled Substance For Sale, Felony, and HS 11379(A) – Transportation/ETC Controlled Substance, Felony, 2 year total prison time.

Per CIS and DACS, subject has one prior removal, executed on March 25, 1997 from Calexico, California to Mexico.

JJGR-0097

# EXHIBIT E

**U.S. Department of Justice**
**Immigration and Naturalization Service**

**Notice of Intent/Decision to Reinstate Prior Order**

File No.: A 76 219 430
Date: APR 18 ----

Name: **GUTIERREZ Rodriguez, Jose Jesus**

In accordance with section 241(a)(5) of the Immigration and Nationality Act (Act) and 8 CFR 241.8, you are hereby notified that the Attorney General intends to reinstate the order of **DEPORTATION** entered against you. This intent is based on the following determinations:
(Deportation / exclusion / removal)

1. You are an alien subject to a prior order of deportation / exclusion / removal entered on **March 24, 1997** at **San Francisco, California**.
   (Date) (Location)

2. You have been identified as an alien who:

   ☑ was removed on **March 25, 1997** pursuant to an order of deportation / exclusion / removal.
   (Date)

   ☐ departed voluntarily on _____ pursuant to an order of deportation / exclusion / removal on or
   (Date)
   after the date on which such order took effect (i.e., who self-deported).

3. You illegally reentered the United States on or about **September 10, 1998** at or near **San Ysidro, California**.
   (Date) (Location)

In accordance with Section 241(a)(5) of the Act, you are removable as an alien who has illegally reentered the United States after having been previously removed or departed voluntarily while under an order of exclusion, deportation or removal and are therefore subject to removal by reinstatement of the prior order. You may contest this determination by making a written or oral statement to an immigration officer. You do not have a right to a hearing before an immigration judge.

The facts that formed the basis of this determination, and the existence of a right to make a written or oral statement contesting this determination, were communicated to the alien in the **SPANISH** language.

**L TAMARILLAS.**
(Print name of official)

(Signature of officer)

**SBPO**
(Title of officer)

---

**Acknowledgement and Response**

☐ I do  ☑ do not  wish to make a statement contesting this determination.

**4/18/00**
(Date)

**Jose Gutierrez**
(Signature of Alien)

---

**Decision, Order, and Officer's Certification**

Having reviewed all available evidence, the administrative file and any statements made or submitted in rebuttal, I have determined that the above-named alien is subject to removal through reinstatement of the prior order, in accordance with Section 241(a)(5) of the Act.

**APR 20 2000**      **EL CENTRO, Ca.**
(Date)              (Location)              (Signature of authorized deciding INS official)

**OIC / DDP**
(Print or typed name of official)           (Title)

Form I-871 (Rev. 6-5-97)

JJGR-0197

**U.S. Department of Justice**
Immigration and Naturalization Service

**Warning to Alien Ordered Removed or Deported**

File No.: A 76 219 430

Date: 6/23/03

Alien's full name: **GUTIERREZ Rodriguez, Jose Jesus**

In accordance with the provisions of section 212(a)(9) of the Immigration and Nationality Act (Act), you are prohibited from entering, attempting to enter, or being in the United States:

☐ For a period of 5 years from the date of your departure from the United States because you have been found inadmissible under section 212 of the Act and ordered removed from the United States by an immigration judge in proceedings under section 240 of the Act.

☐ For a period of 10 years from the date of your departure from the United States because you have been found:

  ☐ deportable under section 237 of the Act and ordered removed from the United States by an immigration judge in proceedings under section 240 of the Act.

  ☐ deportable under section 241 of the Act and ordered removed from the United States by an immigration judge in proceedings commenced before April 1, 1997 under section 242 of the Act.

  ☐ deportable under section 237 of the Act and ordered removed from the United States in accordance with section 238 of the Act by and immigration officer, a judge of a United States district court, or a magistrate of a United States magistrate court.

☐ For a period of 20 years from the date of your departure from the United States because, after having been previously excluded, deported, or removed from the United States, you have been found:

  ☐ inadmissible under section 212 of the Act and ordered removed from the United States by an immigration judge in proceedings under section 240 of the Act.

  ☐ deportable under section 237 of the Act and ordered removed from the United States by an immigration judge in proceedings under section 240 of the Act.

  ☐ deportable under section 237 of the Act and ordered removed from the United States in proceedings under section 238 of the Act.

  ☐ deportable under section 241 of the Act and ordered deported from the United States by an immigration judge in proceedings commenced before April 1, 1997 under section 242 of the Act.

☒ At any time because you have been found inadmissible or excludable under section 212 of the Act, or deportable under section 241 or 237 of the Act, and ordered deported or removed from the United States, and you have been convicted of a crime designated as an aggravated felony.

After your removal has been effected you must request and obtain permission from the Attorney General to reapply for admission to the United States during the period indicated. You must obtain such permission before commencing your travel to the United States. Application forms for requesting permission to reapply for admission may be obtained by contacting any United States Consulate or office of the United States Immigration and Naturalization Service. Refer to the above file number when requesting forms or information.

**WARNING:** Title 8 United States Code, Section 1326 provides that it is a crime for an alien who has been removed from the United States to enter, attempt to enter, or be found in the United States during the period in which he or she is barred from so doing without the Attorney General's consent. Any alien who violates this section of law is subject to prosecution for a felony. Depending on the circumstances of the removal, conviction could result in a sentence of imprisonment for a period of from 2 to 20 years and/or a fine of up to $250,000.

_____
(Signature of officer serving warning)

_____
(Title of officer)

_____
(Location of INS Office)

Form I-294 (Rev. 4-1-97)N

JJGR-0196

# UNITED STATES DEPARTMENT OF JUSTICE
## IMMIGRATION AND NATURALIZATION SERVICE
### RECORD OF SWORN STATEMENT IN AFFIDAVIT FORM

RE: GUTIERREZ RODRIGUEZ, JOSE JESUS   FILE NO: A76 219 430

EXECUTED AT: SAN QUENTIN STATE PRISON   DATE: 8/24/99

Before the following officer of the U. S. Immigration and Naturalization Service:
JULIUS ARAMBULO in the SPANISH / ENGLISH language. Interpreter was not used.
Immigration Agent/Special Agent INS/SFR

I, Jose de Jesus Perez Gutierrez, / I, _____,
tengo claro conocimiento de que el investigador ante nombrado se me ha / acknowledge that the above-named officer has identified himself as an officer
identificado a mí como oficial del Servicio de Inmigración y Naturalización de / of the United States Immigration and Naturalization Service, authorized by
los Estados Unidos y que él está autorizado por la ley para administrar / law to administer oaths and to take testimony in connection with the
juramentos y tomar testimonio con relación a la ejecución de las leyes de / enforcement of the Immigration and Nationality laws of the United States.
inmigración y nacionalidad de los Estados Unidos. El me ha informado que / He has informed me that he desires to take my sworn statement regarding
desea tomar mi declaración bajo juramento con relación a mi estado de / my immigration status in the United States.
inmigración en los Estados Unidos.

El me ha dicho que mi declaración tiene que ser dada / He has told me that my statement must be freely and voluntarily given and
voluntariamente y el me ha informado de estos derechos: / has advised me of these rights:

1. Usted tiene el derecho de guardar silencio. / You have the right to remain silent.
2. Cualquier cosa que usted diga puede ser usada en su contra en / Anything you say can be used against you in court, or in any
   un juzgado de ley o en cualquier procedimiento / immigration or administrative proceeding.
   administrativo o de inmigración.
3. Usted tiene el derecho de hablar con un abogado para que le / You have the right to talk to a lawyer for advice before we ask
   aconseje antes de que le hagamos alguna pregunta y de tenerlo / you any questions and to have him with you during
   presente con usted durante las preguntas. / questioning.
4. Si usted no tiene el dinero para emplear a un abogado, se le / If you cannot afford a lawyer, one will be appointed for you
   puede proporcionar uno antes de que le hagamos alguna / before any questioning if you wish.
   pregunta, si usted lo desea.
5. Si usted decide contestar nuestras preguntas ahora mismo sin / If you decide to answer questions now without a lawyer
   un abogado presente, siempre tendrá usted el derecho de dejar / present, you will still have the right to stop answering at
   de contestar cuando guste. / anytime.
6. Usted también tiene el derecho de dejar de contestar cuando / You also have the right to stop answering at anytime until you
   guste, hasta que pueda hablar con un abogado. / talk to a lawyer.
7. Usted puede hablar con los oficiales del consulado y oficiales / You may talk to the consular or diplomatic officers of your
   diplomáticos de su país o nacionalidad. / country of nationality.

Yo estoy dispuesto a hacer una declaración sin que nadie más esté / I am willing to make a statement without anyone else present. I swear that I
presente. Juro que diré la verdad, la verdad entera, y nada mas que la / will tell the truth, the whole truth, and nothing but the truth, so help me
verdad, que Dios me ayude. Siendo debidamente puesto bajo juramento, yo / God. Being duly sworn, I make the following statement:
hago la siguiente declaración:

Jose Gutierrez
Signature of alien / Firma de extranjero

8/24/99   11:37
Date & time / Fecha y hora

Signature of Officer / Firma de official

Signature of Witness / Firma de testigo



SEE ATTACHED CONTINUATION SHEET FOR SWORN STATEMENT

JJGR-0198

# EXHIBIT F

```
J241481                  IN THE SUPERIOR COURT NORTHERN BRANCH              06/21/07
SAN MATEO CJIS                 OF THE STATE OF CALIFORNIA                   13:36
ORGANIZATION: MC           IN AND FOR THE COUNTY OF SAN MATEO               PAGE   1

                            --- CRIMINAL CASE DOCKET ---
```

CASE NO. NM250370B          STATUS:    ADJUDICATED

PEOPLE V. PEREZ, JOSE DEJESUS

    1015 S 12TH ST 7B                         DATE OF BIRTH: 10/23/75
    SAN JOSE, CA 95122                         D.L. # CA B4604418

*****************************************************************************
ATTORNEYS OF RECORD:

PROSECUTION:
DEFENSE:

*****************************************************************************
CHARGES, PLEAS AND DISPOSTIONS:

VIOLATION DATE: 10/20/94          FILED DATE: 11/15/94

| CNT | ALG |              |      | LATEST |                  | CONV/DISP |
| NO. | NO. | CODE/SECTION | TYPE | PLEA   | ----DISPOSITION---- | DATE     |
|-----|-----|--------------|------|--------|------------------|-----------|
| 001 |     | PC 484       | M    | G      | PLED GUILTY      | 05/09/96  |

```
J241481                                                        06/21/07
SAN MATEO CJIS           --- CRIMINAL CASE DOCKET ---          13:36
ORGANIZATION: MC             CASE NO. NM250370B                PAGE   2

************************************************************************
CASE SYNOPSIS:

11/15/94   COMPLAINT FILED
11/17/94   HEARING HELD IN DIV. 14, SUPERIOR COURT NORTHERN BRANCH,
              BEFORE HON. CRAIG L PARSONS, JUDGE.
              NATURE OF PROCEEDINGS: MISDEMEANOR ARRAIGNMENT.
           CUSTODY STATUS: NOT IN CUSTODY.
12/21/94   HEARING HELD IN DIV. 2, SUPERIOR COURT NORTHERN BRANCH,
              BEFORE HON. PAULA SCHLICHTER, JUDGE.
              NATURE OF PROCEEDINGS: MISDEMEANOR ARRAIGNMENT.
           CUSTODY STATUS: NOT IN CUSTODY.
12/27/94   ARREST WARRANT OUTSTANDING -- ACTIVE
02/27/96   ARREST WARRANT PENDING
02/29/96   ARREST WARRANT OUTSTANDING -- ACTIVE
05/08/96   ARRESTED BY 04100
05/08/96   BOOKED - JAIL NO.:    NM 250370B
05/09/96   ARREST WARRANT RECALLED
05/09/96   HEARING HELD IN DIV. 20, SUPERIOR COURT SOUTHERN BRANCH,
              BEFORE HON. GREGORY S JENSEN, JUDGE.
              NATURE OF PROCEEDINGS: ARREST/WARRANT ARRAIGNMENT.
           CUSTODY STATUS: IN CUSTODY.
05/15/96   ARREST WARRANT RETURNED
05/23/96   HEARING HELD IN DIV. 32, SUPERIOR COURT SOUTHERN BRANCH,
              BEFORE HON. LORYN J KEHOE, COURT COMMISSIONER.
              NATURE OF PROCEEDINGS: SENTENCING.
           CUSTODY STATUS: IN CUSTODY.
           INTERPRETER: ESCALANTE.
05/23/96   HEARING HELD IN DIV. 20, SUPERIOR COURT SOUTHERN BRANCH,
              BEFORE HON. GREGORY S JENSEN, JUDGE.
              NATURE OF PROCEEDINGS: SENTENCING.
           CUSTODY STATUS: IN CUSTODY.

************************************************************************
```

```
J241481                                                          06/21/07
SAN MATEO CJIS              --- CRIMINAL CASE DOCKET ---         13:36
ORGANIZATION: MC              CASE NO. NM250370B                 PAGE   3
```

****************************************************************************

RECORD OF CASE EVENTS:

11/14/94 09:00      CASE SUBJECT TO THE CITATION PROCESSING FEE UPON
                       CONVICTION.

11/16/94 08:12      CASE SHIFTED FROM HEARING ON 11/17/1994 AT 9:00 A.M. IN
                       DEPARTMENT A  OF MUNICIPAL COURT NORTHERN BRANCH TO
                       HEARING ON 11/17/1994 AT 9:00 A.M. IN DEPARTMENT 14 OF
                       MUNICIPAL COURT NORTHERN BRANCH.

11/17/94 09:00 **   HEARING HELD ON 11/17/94 AT 9:00 A.M. IN MUNICIPAL COURT
                       NORTHERN BRANCH, D- 14. HON. CRAIG L PARSONS, JUDGE,
                       PRESIDING. CLERK: DARLENE WICH. REPORTER: NONE. CLERK2:
                       ALMA SAUCEDO.  DEPUTY D.A. NONE.  DEFENSE COUNSEL
                       PRESENT: NONE.
                    MISDEMEANOR ARRAIGNMENT
                    NO APPEARANCE BY OR FOR DEFENDANT.
                    SEND N.T.A

11/22/94 09:00      NOTICE TO APPEAR SENT TO DEFENDANT ON 11/22/1994 TO
                       APPEAR ON 12/21/1994 AT 9:00 A.M. IN MUNICIPAL COURT
                       NORTHERN BRANCH DEPT. A FOR MISDEMEANOR ARRAIGNMENT.

12/20/94 08:45      CASE SHIFTED FROM HEARING ON 12/21/1994 AT 9:00 A.M. IN
                       DEPARTMENT A  OF MUNICIPAL COURT NORTHERN BRANCH TO
                       HEARING ON 12/21/1994 AT 9:00 A.M. IN DEPARTMENT 2  OF
                       MUNICIPAL COURT NORTHERN BRANCH.

12/21/94 09:00 **   HEARING HELD ON 12/21/94 AT 9:00 A.M. IN MUNICIPAL COURT
                       NORTHERN BRANCH, D- 2. HON. PAULA SCHLICHTER, JUDGE,
                       PRESIDING. CLERK: HELEN ALFASSA. REPORTER: JEANNE BISHOP
                       . CLERK2: NONE.  DEPUTY D.A. NONE.  DEFENSE COUNSEL
                       PRESENT: NONE.
                    MISDEMEANOR ARRAIGNMENT
                    NO APPEARANCE BY OR FOR DEFENDANT.
                    CASE SENT TO D.A. FOR AFFADAVIT.

12/23/94 09:00      DECLARATION UNDER PENALTY OF PERJURY IN SUPPORT OF
                       ARREST WARRANT, FILED.
                    FILE SENT TO JUDGE SCHLICHTER

12/27/94 09:00      FILE RETURNED TO CLERK'S OFFICE.
                    ARREST WARRANT RELEASED TO SM ON 12/23/1994.  BAIL SET
                       AT $5,000.00.

02/22/96 09:00      FILE SENT TO JUDGE MIRAM

02/26/96 09:00      FILE RETURNED TO CLERK'S OFFICE.
                    REFERRED TO A/W DESK

02/27/96 07:00      ARREST WARRANT GENERATED AND SENT TO JUDGE MIRAM TO SET
                       BAIL AND FOR SIGNATURE.

```
J241481                                                          06/21/07
SAN MATEO CJIS             --- CRIMINAL CASE DOCKET ---          13:36
ORGANIZATION: MC              CASE NO. NM250370B                 PAGE   4

************************************************************************
RECORD OF CASE EVENTS:


02/29/96 14:00     FILE RETURNED TO CLERK'S OFFICE.
                   ARREST WARRANT RELEASED TO SM ON 02/27/1996.  BAIL SET
                     AT $10,000.00.

05/09/96 09:00     VACATE ARRAIGNMENT. THAT WAS SET ON 05/09/1996 AT 1:30
                     P.M. AND RESET TO 05/09/1996 AT 1:30 P.M. IN MUNICIPAL
                     COURT NORTHERN BRANCH DEPT. IC FOR ARREST/WARRANT
                     ARRAIGNMENT.
                   ARREST WARRANT ISSUED ON 02/27/1996. RECALLED ON
                     05/09/1996.
         13:30 **  HEARING HELD ON 05/09/96 AT 1:30 P.M. IN MUNICIPAL COURT
                     SOUTHERN BRANCH, D- 20. HON. GREGORY S JENSEN, JUDGE,
                     PRESIDING. CLERK: IRMA OCEGUEDA-LOPEZ. REPORTER: THERESA
                     GORMAN. CLERK2: LESLIE WISE.  DEPUTY D.A. STEVE HALL.
                     DEFENSE COUNSEL PRESENT: NONE.
                   ARREST WARRANT ARRAIGNMENT
                   SPANISH LANGUAGE INTERPRETER GILLESPI DULY SWORN.
                   DEFENDANT APPEARED WITHOUT COUNSEL.
                   ARREST WARRANT ORDERED RECALLED.
                   DEFENDANT ARRAIGNED AND ADVISED OF THE FOLLOWING RIGHTS:
                     TO THE VARIOUS PLEAS AVAILABLE; TO A SPEEDY PUBLIC TRIAL
                     FROM THE DATE OF ARRAIGNMENT, WITHIN 30 DAYS IF IN
                     CUSTODY, WITHIN 45 DAYS IF NOT IN CUSTODY, OTHERWISE,
                     THE MATTER MUST BE DISMISSED; TO THE AID OF THE COURT TO
                     SUBPOENA AND PRODUCE WITNESSES ON OWN BEHALF, TO
                     CONFRONT AND EXAMINE ADVERSE WITNESSES; TO A TRIAL BY
                     JURY; IF CONVICTED, TO BE SENTENCED NOT SOONER THAN SIX
                     HOURS NOR LATER THAN FIVE DAYS OR WITHIN 21 DAYS IF
                     REFERRED TO PROBATION OFFICE; TO THE AID OF AN ATTORNEY
                     AT ALL STAGES OF THE PROCEEDINGS; THAT THE COURT WILL
                     APPOINT AN ATTORNEY IF DEFENDANT IS UNABLE TO EMPLOY
                     OWN; TO A REASONABLE LENGTH OF TIME TO CONSULT AN
                     ATTORNEY; DEFENDANT ADVISED, IF NOT A CITIZEN, THAT
                     CONVICTION OF THE OFFENSE WITH WHICH HE HAS BEEN CHARGED
                     MAY HAVE THE CONSEQUENCES OF DEPORTATION, EXCLUSION FROM
                     ADMISSION TO THE UNITED STATES.
                   DEFENDANT ENTERED A PLEA OF GUILTY TO COUNT 1.
                   DEFENDANT IS ADVISED OF, UNDERSTANDS, AND KNOWINGLY AND
                     VOLUNTARILY WAIVES ALL THE FOLLOWING RIGHTS:  WAIVES THE
                     RIGHT TO COUNSEL; TO TRIAL BY JURY; TO CONFRONT AND
                     CROSS-EXAMINE ADVERSE WITNESSES; THE PRIVILEGE AGAINST
                     SELF-INCRIMINATION.  THE COURT FINDS THAT THE DEFENDANT
                     UNDERSTANDS THE NATURE OF THE CHARGES, THE ELEMENTS OF
                     THE OFFENSE, THE DEFENSE THERETO, THE CONSEQUENCES OF
                     PLEAS AND THE RANGE OF PENALTIES THERETO.  WAIVER OF
                     RIGHTS SIGNED.
                   DEFENDANT REFERRED TO PROBATION DEPARTMENT FOR
                     BACKGROUND CHECK
                   DEFENDANT IN CUSTODY ON THIS CASE.
```

```
J241481                                                          06/21/07
SAN MATEO CJIS              --- CRIMINAL CASE DOCKET ---         13:36
ORGANIZATION: MC              CASE NO. NM250370B                 PAGE   5

*********************************************************************
RECORD OF CASE EVENTS:

05/09/96 - CONTINUED
                    BAIL SET AT $10,000.00.
                    CASE CONTINUED TO 05/23/1996 AT 9:00 A.M. IN REDWOOD
                      CITY IN DEPT. 20 FOR SENTENCING.
                    TIME NOT WAIVED FOR SENTENCING.
         14:26      CASE SHIFTED FROM HEARING ON 05/09/1996 AT  1:30 P.M. IN
                      DEPARTMENT IC OF MUNICIPAL COURT NORTHERN BRANCH TO
                      HEARING ON 05/09/1996 AT  1:30 P.M. IN DEPARTMENT 20 OF
                      MUNICIPAL COURT SOUTHERN BRANCH.

05/15/96 09:00      ARREST WARRANT RETURNED AND FILED.

05/21/96 14:00      FILE SENT TO LESLIE RWC CALENDER DESK

05/22/96 11:32      CASE SHIFTED FROM HEARING ON 05/23/1996 AT  9:00 A.M. IN
                      DEPARTMENT 20 OF MUNICIPAL COURT SOUTHERN BRANCH TO
                      HEARING ON 05/23/1996 AT  9:00 A.M. IN DEPARTMENT 32 OF
                      MUNICIPAL COURT SOUTHERN BRANCH.

05/23/96 09:00 ** HEARING HELD ON 05/23/96 AT 9:00 A.M. IN MUNICIPAL COURT
                      SOUTHERN BRANCH, D- 32. HON. LORYN J KEHOE, COURT
                      COMMISSIONER, PRESIDING. CLERK: MARK OSBORNE. REPORTER:
                      TERRI GORMAN. CLERK2: IRMA LOPEZ-OCEGUEDA.  DEPUTY D.A.
                      NONE.   DEFENSE COUNSEL PRESENT: NONE.
                    SENTENCING
                    STIPULATION RE: JUDGE PRO TEMPORE HEARING MATTER.
                    SPANISH LANGUAGE INTERPRETER COOKE/DANNER DULY SWORN.
                    DEFENDANT APPEARED WITHOUT COUNSEL.
                    DEFENDANT IN CUSTODY ON THIS CASE.
                    BAIL SET AT $10,000.00.
                    CASE CONTINUED TO 05/23/1996 AT 2:00 P.M. IN REDWOOD
                      CITY IN DEPT. 20 FOR SENTENCING.
         14:00 ** HEARING HELD ON 05/23/96 AT 2:00 P.M. IN MUNICIPAL COURT
                      SOUTHERN BRANCH, D- 20. HON. GREGORY S JENSEN, JUDGE,
                      PRESIDING. CLERK: IRMA LOPEZ-OCEGUEDA. REPORTER: VALERIE
                      CATHEY. CLERK2: NONE.  DEPUTY D.A. VANDEREEN.  DEFENSE
                      COUNSEL PRESENT: NONE.
                    SENTENCING
                    COUNT 1 IMPOSITION OF SENTENCE SUSPENDED. DEFENDANT IS
                      PLACED ON COURT PROBATION FOR 2 YEARS; 0 MONTHS; 0 DAYS.
                    SPANISH LANGUAGE INTERPRETER ESCALANTE DULY SWORN.
                    DEFENDANT IN CUSTODY ON THIS CASE.
                    AS TO COUNT 1, DEFENDANT TO SERVE 0 YEAR(S), 0 MONTH(S),
                      90 DAY(S), 0 HOUR(S) IN THE COUNTY JAIL.
                    COUNT 1 TO BE SERVED CONSECUTIVE TO ANY OTHER CASE OF
                      DEFENDANT.
                    DEFENDANT ORDERED TO PAY $110.00 TO STATE RESTITUTION
                      FUND.  THIS PAYMENT  IS  A CONDITION OF PROBATION
                    CITATION PROCESSING FEE OF $10.00 ORDERED.
                    DEFENDANT TO PAY FINE AND ASSESSMENTS THROUGH REVENUE
                      SERVICES.
```

```
J241481                                                        06/21/07
SAN MATEO CJIS           --- CRIMINAL CASE DOCKET ---          13:36
ORGANIZATION: MC             CASE NO. NM250370B                PAGE    6

****************************************************************************
RECORD OF CASE EVENTS:

05/23/96 - CONTINUED
                    DEFENDANT GRANTED A STAY TO PAY FINE ON OR BEFORE
                       11/25/1996.
                    OBEY ALL LAWS. FOLLOW ALL ORDERS OF THE COURT/PROBATION
                       OFFICER AND REPORT AS DIRECTED.  NOTIFY THE COURT/
                       PROBATION OFFICER IMMEDIATELY OF ANY CHANGE OF RESIDENCE
                       ADDRESS.
                    ALL SENTENCE ELEMENTS FOR THIS PROCEEDING ENTERED.
           16:00    FILE SENT TO NORTHERN CLEARING DESK

05/31/96 09:00      CII FORWARDED TO ARRESTING AGENCY.

01/23/97 09:00      REVENUE SERVICES REQUEST FOR BENCH WARRANT FORWARDED TO
                       JUDICIAL OFFICER LINDA GEMELLO.

01/28/97 09:00      JUDICIAL ORDER:  REFER CASE TO TRW.  REVENUE SERVICES
                       NOTIFIED.
                    FILE RETURNED TO CLERK'S OFFICE.
```

```
J241481                                                      06/21/07
SAN MATEO CJIS         --- CRIMINAL CASE DOCKET ---          13:36
ORGANIZATION: MC           CASE NO. NM250370B                PAGE   7

*****************************************************************************
SENTENCE SUMMARY:


INCARCERATION:  90 DYS


FINE:
    BASIC FINE AMOUNT:            $0.00
    PENALTY/ASSESS:                0.00
    A/R FEE:                       0.00
    NVRF AMT:                    110.00
EDUCATION PROGRAM FEE:             0.00
    MISC. FEES:                   10.00
    REST. FINE:                    0.00
    CTS AMOUNT:                   (0.00)
                                 _____
    TOTAL AMOUNT DUE:           $120.00

    FINE PAYMENT STAYED TO:  11/25/96



SENTENCE COMMENTS:
    COUNT 1 IMPOSITION OF SENTENCE SUSPENDED. DEFENDANT IS
    PLACED ON COURT PROBATION FOR 2 YEARS; 0 MONTHS; 0 DAYS.
    COUNT 1 TO BE SERVED CONSECUTIVE TO ANY OTHER CASE OF
    DEFENDANT.
    DEFENDANT TO PAY FINE AND ASSESSMENTS THROUGH REVENUE
    SERVICES.
    DEFENDANT GRANTED A STAY TO PAY FINE ON OR BEFORE
    11/25/1996.

*****************************************************************************

END OF CRIMINAL CASE DOCKET
```