1  BARRY J. PORTMAN
   Federal Public Defender
2  ELIZABETH M. FALK
   Assistant Federal Public Defender
3  450 Golden Gate Avenue
   San Francisco, CA  94102
4  Telephone:  (415) 436-7700

5  Counsel for Defendant GUTIERREZ

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,                    )<br>                                              )<br>            Plaintiff,                       )<br>                                              )<br>       v.                                    )<br>                                              )<br>JOSE JESUS GUTIERREZ,                        )<br>                                              )<br>            Defendant.                       )<br>                                              )<br>                                              )<br>                                              )<br>                                              )<br>                                              ) | No. CR 07-0334 CRB<br><br>**DEFENDANT GUTIERREZ' SUPPLEMENTAL BRIEFING IN SUPPORT OF MOTION TO DISMISS INDICTMENT ON GROUNDS THAT PRIOR DEPORTATION CANNOT SERVE AS PREDICATE FOR ILLEGAL REENTRY PROSECUTION**<br><br>Date:  August 28, 2007<br>Time:  3:00 p.m.<br>Court: Hon. Charles R. Breyer |

On August 28, 2007, this Court held a hearing on Defendant's Motion to Dismiss the Indictment. The sole issue raised by this Court at the hearing was the government's position on the order of the Honorable William H. Alsup in *United States v. Gonzalo Lopez-Hernandez*, 2007 U.S. Dist LEXIS 16251 at *9-21 (N.D. CA February 23, 2007) regarding whether the government may permissibly rely on a reinstatement of a constitutionally defective order of deportation as the physical "removal" necessary to prosecute a defendant under 8 U.S.C. § 1326. In the instant case, this issue is important because Mr. Gutierrez was physically removed in 2003 by reinstatement of the March 24,

*UNITED STATES V. GUTIERREZ*, 07-334 CRB;                    - 1 -
SUPPLEMENTAL BRIEFING

1997 deportation order in which his due process rights were violated. The government contends it can lawfully rely on the 2003 removal to avoid the due process infections of the 1997 removal; a position that was rejected by Judge Alsup in the *Lopez-Hernandez* case.

In support of its position, the government relies on an unpublished decision, *United States of America v. Taroya-Mendoza*, 2007 U.S. App. LEXIS 12058. Because that case was procedurally different than the instant case and was amended to ultimately undermine the government's claim, a further exploration of that case is warranted.

In *Taroya-Mendoza*, the Ninth Circuit reversed the order of the district court granting a **post trial** motion to reconsider a **pretrial** motion to dismiss a § 1326 indictment on grounds that the underlying deportation proceedings were fundamentally flawed. In that case, the government proceeded to a bench trial **only alleging 1999 and 2000 removals that were reinstatements of a 1997 deportation order in the indictment.** *See* Exhibit C, Government Brief in Opposition to Rehearing En Banc in *Taroya-Mendoza*, at 2 (stating that the two deportation orders alleged in the indictment were done pursuant to 8 C.F.R. § 241.8, which is the reinstatement procedure). Thus, it is important to understand that in *Taroya-Mendoza*, **the government had made the procedural decision of only alleging in the indictment and proving at trial removal orders in 1999 and 2000 that reinstated a 1997 deportation order, rather than alleging the 1997 order itself.** Unfortunately for the government, eight days following the verdict of guilty, the Ninth Circuit decided the original panel decision in *Morales-Inzquierdo v. Ashcroft*, 388 F.3d 1299 (9th Cir. 2004). *Id.* The original *Morales-Izquierdo* decision invalidated the reinstatement process as unconstitutional, which essentially wiped out the validity of the 1999 and 2000 removals upon which the government had relied upon at trial. *Id.* The district court had little choice but to dismiss the indictment as a result.

The case went up on appeal. While on appeal, the *en banc* decision, *Morales Izquierdo v. Gonzalez*, 477 F.3d 691 (9th Cir. 2007)(en banc) was decided, which reversed the panel decision regarding the legality of the reinstatement process. As such, the legal basis for Judge Ware's post-

1  trial decision to dismiss the indictment disappeared.  It was on these grounds that the Ninth Circuit
2  reversed the order of the district court.  This is an important distinction from the instant case.

3      The government's efforts to compare the situation in *Taroya-Mendoza* to Mr. Gutierrez fails
4  for several reasons.   It is true that, in the original panel decision, the Ninth Circuit stated that, as one
5  of the bases to reverse Judge Ware "'[the defendant's argument []] has been precluded by the en banc
6  opinion [in *Morales-Izquierdo*] which held that "reinstatement of a prior removal order – regardless
7  of the process afforded in the underlying order – does not offend due process because reinstatement
8  of a prior order does not change the alien's rights or remedies.'"  *See* Exhibit A, Original Panel
9  Decision in *United States of America v. Taroya-Mendoza*, 2007 U.S. App. LEXIS 12058, attached
10 for this Court's convenience (modified with circling to emphasize point below).

11     However, the government failed to mention (and most likely, did not realize) that this opinion
12 was modified on August 17, 2007 in a way that eradicates the government's position.  *See* Exhibit B,
13 Amended Opinion in *United States of America v. Taroya-Mendoza*, 2007 U.S. App. LEXIS 19951
14 (9th Cir. August 17, 2007).  After the initial panel decision came out, the defense lawyer in *Taroya-*
15 *Mendoza* petitioned for rehearing en banc, claiming that the panel misread and misinterpreted
16 *Morales Izquierdo*.  *See* Exhibit C, Government's Opposition to En Banc Petition at p. 2-3.  The en
17 banc petition was denied, but the opinion was modified in an important manner that forecloses the
18 government's efforts at comparison to the instant case.  *See* Exhibit B.  A review of the amended
19 opinion reveals that the panel ultimately ruled against Mr. Taroya-Mendoza **because it found no**
20 **defect in his initial deportation proceeding in 1997**, thus mooting any argument that
21 reinstatements of such an order can be illegal.  *Id.* at 2 (stating that there was no purported error by
22 his attorney in the underlying proceedings).  The opinion ultimately found that the reinstatement
23 orders in 1999 and 2000 could not be challenged as a result.

24     The modified *Taroya-Mendoza* opinion thus omits the aforementioned sentence that the
25 government argues supports its position in the instant case, and replaced it with "This argument also
26 fails because appellee has not demonstrated that any purported error by his attorney affected the

1  outcome of the proceedings below." *Id.*  By taking this action, the panel took the relevant issue off
2  the table; whether or not the en banc *Morales-Izquierdo* decision created a new rule of law that now
3  enables the government to utilize stand-alone reinstatements of deportation orders that violate due
4  process in § 1326 proceedings, regardless of the legality of the underlying deportation order.  Instead,
5  the modified panel opinion ultimately found that no due process violation occurred at Mr. Tafoya-
6  Mendoza's initial deportation proceeding in 1997; the proceeding that was reinstated for the
7  subsequent removals of defendant in 1999 and 2000 upon which the government relied at trial.  It is
8  thus clear that the *Tafoya-Mendoza* unpublished opinion does not conflict with Judge Alsup's
9  opinion in *Lopez-Hernandez*, as the *Tafoya-Mendoza* case was reversed on separate, distinct grounds
10 having nothing to do whether or not the en banc *Morales-Izquierdo* decision now establishes the
11 validity of stand-alone reinstatement orders as predicates for § 1326 prosecutions.

12       Interestingly, the government attorney in *Tafoya-Mendoza* conceded the fact that the original
13 panel opinion, as written, conflicted with *United States v. Mendoza-Lopez*, 481 U.S. 828 (1987).  *See*
14 Exhibit C at p. 7 (emphasis added for the Court's convenience)("We agree that the [original] panel
15 opinion, as written, appears to conflict with *Mendoza-Lopez* because it appears to limit Tafoya-
16 Mendoza's right to challenge the underlying deportation orders.")  The government attorney then
17 suggested to the Ninth Circuit that the better course in that case would be to simply find that
18 "because Tafoya-Mendoza was not deprived of his right to judicial review of his *initial deportation*
19 *order*, he is not permitted to mount a collateral challenge to any of his removal orders." *Id.* at  8
20 (emphasis added).  The amended Ninth Circuit opinion appears to have taken this course.  *See*
21 Exhibit B.

22       Although one can only theorize why actions are taken by the Ninth Circuit, the *Tafoya-*
23 *Mendoza* panel's decision to re-word the opinion appears to have been done to avoid the *Morales-*
24 *Izquierdo* question now contemplated by this Court, and instead follow the path of lesser resistance;
25 finding no due process violation in Tafoya-Mendoza's initial deportation proceeding in 1997 to
26 begin with.  It is also possible that the panel realized that its initial position on the impact of

*Morales-Izquierdo* conflicted with Supreme Court precedent. What matters for the instant case is that the decision of the *Tafoya-Mendoza* court is inapposite to the situation now faced by Mr. Gutierrez. Here, the due process violations faced by Mr. Gutierrez **at the initial deportation proceeding in 1997** were egregious and obvious, ranging from the *en masse* deportation of multiple aliens without individual waivers of rights, the lack of an interpreter, and the lack of information passed to Mr. Gutierrez about his rights by the Immigration Judge. It would not be fair for the government to utilize a 2003 removal that reinstated this unconstitutional order of deportation at a subsequent criminal prosecution.

Given the fact that the *Tafoya-Mendoza* opinion was amended in a manner that is unfavorable to the government's current position, as well as the fact that no Ninth Circuit precedent (or unpublished decisions) conflict with the order and findings of Judge Alsup in *Lopez-Hernandez,* Mr. Gutierrez respectfully requests this Court to adopt Judge Alsup's reasoning. He further submits that the *Tafoya-Mendoza* case cited by the government is of no practical assistance to this Court. The amended opinion is not in conflict with Judge Alsup's order in *Lopez-Hernandez* because it ultimately does not comment on the propriety of the government utilizing reinstatements of constitutionally defective deportation orders. Even if the *Tafoya-Mendoza* opinion had precedential value (which it does not) it is not suitable guidance to this Court because it does not sanction the use of reinstatements of deportation orders imposed in violation of due process. Unless and until the Ninth Circuit so holds, this Court should rule in accordance with Judge Alsup's persuasive order.

Dated:      August 28, 2007

                                  Respectfully submitted,

                                  BARRY J. PORTMAN
                                  Federal Public Defender

                                         /S/

                                  ELIZABETH M. FALK
                                  Assistant Federal Public Defender