EXHIBIT A

RECEIVED
MAY 17 2007
Federal Public Defender
San Jose, CA

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 16 2007

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff - Appellant, v. SERGIO TAFOYA-MENDOZA, Defendant - Appellee. | No. 05-10259 D.C. No. CR-04-20046-JW MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
James Ware, District Judge, Presiding

Argued and Submitted May 14, 2007
San Francisco, California

Before: B. FLETCHER, SILER**, and HAWKINS, Circuit Judges.

The United States appeals an order of the district court dismissing the indictment in the instant case. We reverse and remand.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

Appellee presents three arguments in support of the district court's decision. None of these arguments remains viable in the wake of this court's en banc decision in *Morales-Izquierdo v. Gonzales*, 477 F.3d 691 (9th Cir. 2007) (en banc). First, appellee argues that the district court's decision was appropriate because the panel opinion in *Morales-Izquierdo v. Gonzales*, 388 F.3d 1299 (9th. Cir. 2004), required such a result and was correctly decided. Because the subsequent en banc opinion reversed the original panel opinion, this argument fails. Appellee next argues that even if the original decision in *Morales-Izquierdo* was incorrect, the district court's decision can be affirmed on other grounds because the underlying deportation order violated his due process rights. This argument, too, has been precluded by the en banc opinion, which held that "[r]einstatement of a prior removal order – regardless of the process afforded in the underlying order – does not offend due process because reinstatement of a prior order does not change the alien's rights or remedies." *Morales-Izquierdo*, 477 F.3d at 704. Finally, appellee argues that the reinstatement process does not apply to him because he re-entered the country on March 21, 1997, eleven days before the April 1, 1997, effective date of § 241(A)(5) of the Immigration and Nationality Act, 8 U.S.C. § 1231(a)(5). Appellee's argument cannot prevail because he has stipulated to the fact that he also re-entered the country in 2000,

*Modified in 8/17/07 Order*

more than two years after the effective date of § 241(A)(5). For these reasons the district court order invalidating the indictment is:

**REVERSED AND REMANDED.**

# EXHIBIT B

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

Received
AUG 20 2007
Federal Public Defender
San Jose, CA

**FILED**

AUG 17 2007

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| UNITED STATES OF AMERICA, | No. 05-10259 |
|---|---|
| Plaintiff - Appellant, | D.C. No. CR-04-20046-JW |
| v. | Northern District of California, San Jose |
| SERGIO TAROYA-MENDOZA, | ORDER AMENDING MEMORANDUM DISPOSITION AND DENYING PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC |
| Defendant - Appellee. | |

Before: B. FLETCHER, SILER,[*] and HAWKINS, Circuit Judges.

The memorandum disposition filed on May 16, 2007, is amended as follows: Replace the sentence, appearing at page 2, lines 10-15, "This argument, too, has been precluded by the en banc opinion, which held that '[r]einstatement of a prior removal order – regardless of the process afforded in the underlying order – does not offend due process because reinstatement of a prior order does not change the alien's rights or remedies.' *Morales-Izquierdo*, 477 F.3d at 704." with

---

[*] The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

"This argument also fails because appellee has not demonstrated that any purported error by his attorney affected the outcome of the proceedings below."

With that amendment the panel has voted to deny panel rehearing. Judge Hawkins has voted to deny the petition for rehearing en banc, and Judges B. Fletcher and Siler so recommend. The petition for rehearing en banc has been circulated to the full court. No request for rehearing has been made. The petitions for rehearing and rehearing en banc are denied. No further petitions will be entertained.

# EXHIBIT C

No. 05-10259

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

   Plaintiff-Appellant,

v.

SERGIO TAROYA-MENDOZA,
a/k/a Sergio Mendoza Tafoya,

   Defendant-Appellee.

---

### APPELLANT UNITED STATES' RESPONSE TO APPELLEE SERGIO TAFOYA-MENDOZA'S PETITION FOR PANEL REHEARING AND REHEARING *EN BANC*

Sergio Taroya-Mendoza (hereinafter referred to as "Tafoya-Mendoza") was convicted of violating 8 U.S.C. § 1326 following a stipulated-facts bench trial. Eight days after verdict, this Court issued its panel opinion in *Morales-Izquierdo v. Ashcroft*, 388 F.3d 1299 (9th Cir. 2004), holding that the Immigration and Nationality Act ("INA") does not authorize the reinstatement procedures in 8 C.F.R. § 241.8 because they provide for reinstatement of removal orders without the right of another hearing before an immigration judge. Citing the panel opinion in *Morales-Izquierdo*, Tafoya-Mendoza asked the district court to reconsider the denial of his *pretrial* motion to dismiss the indictment, claiming that a deportation

based on a reinstatement could not be lawful. The district court ruled that because the two deportations alleged in the indictment occurred pursuant to the regulation that *Morales-Izquierdo* invalidated, it had to dismiss the indictment.

On April 15, 2005, the United States appealed the district court's order dismissing the indictment. On May 16, 2007, a panel of this Court issued a memorandum opinion reversing the district court, and holding that the arguments Tafoya-Mendoza made in support of the district court's opinion were no longer viable in light of the Court's *en banc* decision in *Morales-Izquierdo*, 477 F.3d 691 (9th Cir. 2007) (*en banc*). As pertinent here, the panel held that (1) because the *en banc* court reversed the panel opinion in *Morales-Izquierdo*, that panel's decision no longer provided the district court with a legal basis to dismiss Tafoya-Mendoza's indictment, and (2) Tafoya-Mendoza's claim that his initial deportation order violated due process was inapposite because reinstatement of that deportation order did not offend due process because "reinstatement of a prior order does not change the alien's rights or remedies."

On June 13, 2007, Tafoya-Mendoza filed a petition for panel rehearing and rehearing en banc, claiming that the panel had misread the *en banc Morales-Izquierdo* opinion, and that the panel's interpretation of the *en banc Morales-Izquierdo* opinion conflicts with previous Supreme Court and Ninth Circuit

2

precedent.[1] On June 25, 2007, the panel ordered the United States to file a response to that petition.

The United States opposes the petition because there is no conflict between the panel's opinion and this Court's prior decisions, and because it fails to raise an issue of exceptional importance. Regarding Tafoya-Mendoza's claim that the panel's decision is inconsistent with the Supreme Court's decision in *United States v. Mendoza-Lopez*, 481 U.S. 828 (1987), the United States believes that the panel should clarify its memorandum opinion to state that in a criminal case, reinstatement of a prior removal order does not offend due process so long as the alien was not deprived of his right to judicial review, and that in this particular case, there was no such deprivation. Otherwise, the petition for rehearing and rehearing *en banc* should be denied.

## DISCUSSION

Rehearing *en banc* is warranted only to address questions of exceptional importance or to maintain uniformity among Court of Appeals decisions. Fed. R. App. Pro. 35(a); Ninth Cir. R. 35-1. *En banc* hearings are disfavored, *United*

---

[1] On May 17, 2007, *after* the panel had issued its decision, Tafoya-Mendoza filed a 28(j) letter and "motion to supplement the record." Because Tafoya-Mendoza has relied on the letter and "supplemented record" in his petition, the United States also files today a separate opposition to his letter and motion.

3

States v. Wylie, 625 F.2d 1371, 1378 n.10 (9th Cir. 1980), and should be "rare exceptions." *United States v. Burdeau*, 180 F.3d 1091, 1092 (9th Cir. 1999) (Tashima, J., concurring in the order denying rehearing *en banc*) (citation omitted). Because Tafoya-Mendoza's petition plainly fails to meet the high standard established for an *en banc* hearing, this Court should deny the petition.

### A. THIS COURT DID NOT ERR IN FINDING THAT TAFOYA-MENDOZA HAD PREVIOUSLY BEEN "REMOVED" FROM THE UNITED STATES FOR PURPOSES OF 8 U.S.C. § 1326

Tafoya-Mendoza argues that rehearing is required because the *en banc Morales-Izquierdo* opinion holds that "reinstatements are not removals" and thus the panel erred in concluding that he had been previously "removed" from the United States for purposes of 8 U.S.C. § 1326. *See* Petition, at 1-2, 6-14. That contention shows a fundamental misunderstanding of the *en banc Morales-Izquierdo* opinion, misreads § 1326, and ignores controlling case law.

Contrary to Tafoya-Mendoza's suggestion, the *en banc Morales-Izquierdo* opinion does not hold that reinstated removal orders are not removal orders and thus cannot be predicates for prosecutions under 8 U.S.C. § 1326. Rather, the opinion simply holds that the United States may reinstate an alien's prior removal order without providing him or her with another hearing. *See Morales-Izquierdo*, 486 F.3d at 490-98.

4

In addition, § 1326 clearly makes it a crime for an alien to be found in the United States without permission after any previous physical removal to another country, regardless of whether that removal occurred pursuant to a removal order or reinstated removal order. *See, e.g., United States v. Luna-Madellaga*, 315 F.3d 1224, 1226 (9th Cir. 2003) (holding that § 1326 "plainly turns on the alien's *physical* removal–not the *order* of removal" and applies regardless of whether the United States removes the alien pursuant to a removal order or reinstated removal order). There is no dispute here that the United States physically removed Tafoya-Mendoza pursuant to a removal order *and* two reinstatements of that removal order. In fact, Tafoya-Mendoza stipulated at trial that he was found in the United States without permission after being physically brought to Mexico *three times* pursuant to deportation/removal orders. ER 177-79.

If this was not clear enough, a panel that included the author of the *en banc Morales-Izquierdo* opinion recently rejected Tafoya-Mendoza's argument. In *United States v. Diaz-Luevano*, No. 05-50129, 2007 WL 2044256, at *2 (9th Cir. July 18, 2007), the appellant challenged the district court's decision to enhance his sentence under 8 U.S.C. § 1326 and U.S.S.G. § 2L1.2 based on a deportation pursuant to a reinstated removal order on the grounds that the *en banc Morales-Izquierdo* opinion had held that a reinstated removal order is not a species of

5

removal, thereby implicitly overruling *Luna-Madellaga*. On the contrary, the *Diaz-Luevano* panel held, all that § 1326 requires is that the alien reenter the United States illegally after having been "removed" and thus the statute "plainly turns on the alien's *physical* removal-not the *order* of removal." 2007 WL 2044256, at *2; *see also id.* (ruling that argument "that the reinstatement of a prior order of removal does not constitute a 'removal' for criminal immigration purposes because it is not a species of removal" is "inaccurate" because, among other things, "in *Luna-Madellaga* . . . we held that the alien's *physical* removal is what matters for purposes of criminal sanctions, regardless of the procedure employed"). Under these precedents, there is no doubt that Tafoya-Mendoza had been previously "removed" for purposes of § 1326.

### B. IN A CRIMINAL CASE, REINSTATEMENT OF A PRIOR REMOVAL ORDER DOES NOT OFFEND DUE PROCESS SO LONG AS THE ALIEN IS NOT DEPRIVED OF HIS RIGHT TO JUDICIAL REVIEW

In *Morales-Izquierdo*, the *en banc* Court held that "[r]einstatement of a prior removal order–regardless of the process afforded in the underlying order–does not offend due process because reinstatement of a prior order does not change the alien's rights and remedies." *Morales-Izquierdo*, 486 F.3d at 497. The panel here applied this holding to preclude Tafoya-Mendoza's argument that his initial

deportation order violated due process. Tafoya-Mendoza claims that this application conflicts with the Supreme Court's decision in *Mendoza-Lopez*, 481 U.S. at 837, because it precludes him from challenging on due process grounds the deportation orders used as predicates for the § 1326 charge.

We agree that the panel's opinion, as written, appears to conflict with *Mendoza-Lopez* because it appears to limit Tafoya-Mendoza's right to challenge the underlying deportation orders. We disagree, however, that rehearing *en banc* is warranted on this ground. Rather, the panel need simply clarify the opinion as explained below.

In *Mendoza-Lopez*, the Supreme Court held that a district court must permit a collateral challenge to the underlying deportation proceeding where the deportation proceeding violates the alien's due process rights by depriving him of his right to obtain judicial review. 481 U.S. at 839-42; *see Alvarenga-Villalobos v. Ashcroft*, 271 F.3d 1169, 1173 (9th Cir. 2001) ("*Mendoza-Lopez* requires judicial review of a deportation in a subsequent proceeding only when the alien was deprived of the right to judicial review in the initial proceeding."); *see also United States v. Pallares-Galan*, 359 F.3d 1088, 1095 (9th Cir. 2004) ("Because the underlying removal order serves as a predicate element of [a § 1326 offense], a defendant charged with that offense may collaterally attack the removal order

7

under the due process clause.").

The language that the panel quoted from the *en banc* Court's opinion in *Morales-Izquierdo* thus must be understood in light of the holding of *Mendoza-Lopez*. To achieve that end, the panel should clarify page 2 of its memorandum opinion to reflect that, under *Mendoza-Lopez*, a deportation hearing can be used as a predicate for a § 1326 prosecution only if the alien was not deprived of his right to judicial review.

However, such a clarification would not alter the panel's holding, because the record otherwise makes clear that the Court should reverse the district court's dismissal of the indictment. For example, Tafoya-Mendoza was repeatedly informed of his right to appeal or otherwise administratively challenge his 1997, 1999, and 2001 deportations, but he did not. ER 6, 48-65, 125-173; *see* Gov't's Opening Br., at 22-23; Gov't's Reply Br., at 8-21. Because Tafoya-Mendoza was not deprived of his right to judicial review of his initial deportation order, he is not permitted to mount a collateral challenge to any of his removal orders. *Mendoza-Lopez*, 481 U.S. at 839-42. Moreover, section 241(a)(5) of the Immigration and Nationality Act, 8 U.S.C. § 1231(a)(5), bars further reexamination of his 1997 deportation hearing. *Arreola-Arreola v. Ashcroft*, 383 F.3d 956, 963 (9th Cir. 2004); *Alvarenga-Villalobos*, 271 F.3d at 1170.

And Tafoya-Mendoza's argument fails for other reasons as well. First, 8 U.S.C. § 1326(d) codifies the holding in *Mendoza-Lopez* and adds a number of procedural requirements a defendant must meet to mount a successful collateral attack on a deportation order. As discussed in detail in the United States' briefs, Tafoya-Mendoza fails to meet any of these requirements. *See* Gov't's Opening Br., at 22-25; Gov't's Reply Br., at 8-10.

Second, as held by the district court and exhaustively briefed by the United States in both district court and this Court, Tafoya-Mendoza's hearing before his 1997 deportation did not violate his due process rights. *See* Gov't's Opening Br., at 2; Gov't's Reply Br., at 11-21.

Third, the lawfulness of a prior deportation is not an element of the § 1326 offense. *Mendoza-Lopez*, 481 U.S. at 834-37; *United States v. Alvarado-Delgado*, 98 F.3d 492, 493 (9th Cir. 1996). As discussed above, what counts is the alien's physical removal, not order of removal. *Luna-Madellaga*, 315 F.3d at 1226. In this case, as noted above, the United States physically removed Tafoya-Mendoza in 1997, 1999, and 2001. Hence any or all of those removals may be predicates for a § 1326 conviction. *Id.*[2]

---

[2] Tafoya-Mendoza argues that his "guilt or innocence . . . must be based solely on validity of the proceedings in 1999 and 2001" and not his 1997

9

## CONCLUSION

For the reasons set forth above, this Court should reject Tafoya-Mendoza's petition for rehearing and rehearing *en banc*, except it should clarify its memorandum opinion at page 2 to reflect that (1) in a criminal case, reinstatement of a prior removal order does not offend due process so long as the alien was not deprived of his right to judicial review, and (2) in this particular case, there was no such deprivation.

DATED:   July 30, 2007

Respectfully submitted,
SCOTT N. SCHOOLS
United States Attorney

BARBARA J. VALLIERE
Chief, Appellate Section
Assistant United States Attorney

*/s/ Matthew A. Lamberti*
MATTHEW A. LAMBERTI
Assistant United States Attorney
Attorneys for Plaintiff-Appellant
UNITED STATES OF AMERICA

---

deportation. Petition, at 18-19. However, as discussed above, the "validity" of those proceedings is not an element of the offense. Moreover, the record is clear that Tafoya-Mendoza was physically removed in 1997, 1999, and 2001. So there is no doubt that he was properly convicted regardless of which deportation is used.

10

## CERTIFICATE OF COMPLIANCE

Pursuant to Ninth Circuit Rule 35-4 and 40-1, I certify that the attached response to a petition for panel rehearing and rehearing *en banc* is:

__X__  Proportionately spaced, has a typeface of 14 points or more, and contains 2,012 words, which is fewer than 4,200 words; or,

___ Monospaced, has 10.5 or fewer characters per inch, and contains ___ words or ___ lines of text; or,

___ In compliance with Rule 32(c) of the Federal Rules of Appellate Procedure and not exceeding 15 pages.

DATED: July 30, 2007

_/s/ Matthew A. Lamberti_
MATTHEW A. LAMBERTI
Assistant United States Attorney

11

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing APPELLANT UNITED STATES' RESPONSE TO APPELLEE SERGIO TAROYA-MENDOZA'S PETITION FOR PANEL REHEARING AND REHEARING *EN BANC* in the case of UNITED STATES V. SERGIO TAROYA-MENDOZA, No. 05-10259 was this date sent to:

Lara Vinnard
Assistant Federal Public Defender
160 W. Santa Clara Street, Suite 575
San Jose, California 95113

I certify under penalty of perjury that the foregoing is true and correct.

Executed on the 30th of July, 2007 at San Jose, California.

*Susan Kreider*
SUSAN KREIDER
Legal Technician
United States Attorney's Office
San Jose, California